Johnny FANCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 68573.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 16, 1983.

John Mann, Amarillo, for appellant.

Danny E. Hill, Dist. Atty. and Ken Johnson, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is an appeal from a conviction of aggravated rape of a child. In a trial before a jury, appellant was found guilty and punishment was assessed at 40 years in prison and a $10,000 fine.

Appellant complains on appeal that there is insufficient evidence to support his conviction inasmuch as there is no evidence that the child sustained serious bodily injury; the trial court committed fundamental error in its charge to the jury; and the court committed reversible error in allowing the introduction into evidence of appellant's clothing found as the result of an illegal seizure and in allowing a chemist to testify as to findings made as the result of a blood analysis performed on appellant's clothing. Appellant further contends that the trial court erred in admitting appellant's confession into evidence and, finally, that the trial court denied appellant the right to place testimony before the jury which would have had a bearing on appellant's eligibility for probation and on mitigation of punishment. We find the appellant's contentions to be without merit and accordingly affirm his conviction.

The record reflects that at approximately 8:15 p.m. on September 3, 1980, the complainant, an 8-year-old female, was lured outside a bowling alley in Amarillo by the appellant on the pretext of finding a hiding place for the appellant. The complainant testified that, upon reaching an area behind some bushes located in the back of the bowling alley, the appellant started to choke the complainant and threatened to kill her if she told anyone about the incident. The complainant testified she then lost consciousness. The complainant's father testified he found the complainant covered in blood walking around from behind the building. Her father took her to the hospital where she underwent extensive surgery for repair of vaginal lacerations which she received as a result of the rape. In addition, doctors found the complainant had received a deep laceration above her left eye and a skull fracture.

Appellant's claim that there was insufficient evidence to support the jury verdict that the child sustained serious bodily injury as the result of appellant's hitting her in the head with a rock, as alleged in the indictment, is without merit. "Serious bodily injury" means bodily injury "that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." V.T.C.A., Penal Code, § 1.07(a)(34). In the instant case the evidence reveals that the victim received a five-inch skull fracture as the result of the blow she sustained and a deep laceration above her left eye which required stitches. In addition, a CATSCAN was performed to determine if there was any internal bleeding; Dr. Clyde Williams, an emergency room physician, described her condition as "serious"; and she was hospitalized and kept under observation for nine days because of her head injury and the extensive vaginal surgery which was required as a result of the rape. At

the time of trial, 90 days after the incident, the victim still had pink scar tissue over her left eye. The victim's physician, Dr. Louis Finney, testified that he could not make a long term disfiguration prediction at that time. In *Brown v. State,* 605 S.W.2d 572, 575 (Tex.Cr.App.1980), we held that the victim's broken nose was a serious bodily injury because "the relevant issue was the disfiguring and impairing quality of the bodily injury *as it was inflicted,* not after the effects had been ameliorated or exacerbated by other actions such as medical treatment." (emphasis added) See *Boney v. State,* 572 S.W.2d 529 (Tex.Cr.App.1978) (evidence showing that such a wound, if unattended, could cause substantial risk of death was sufficient even though the wound was in fact repaired). In light of *Brown,* supra, and *Boney,* supra, we find the evidence is sufficient to support the jury's finding that the child sustained "serious bodily injury."

■ Appellant also complains the trial court committed fundamental error in charging the jury on a theory not alleged in the indictment and by such charge authorized the jury to convict the appellant on facts supporting a conviction for aggravated rape or facts supporting a conviction for aggravated rape of a child. We find appellant's contention to be without merit.

Appellant was indicted under § 21.-03(a)(1) of the Penal Code. The indictment under which appellant was prosecuted alleged in part that appellant,

"... did then and there knowingly and intentionally have sexual intercourse with H___ S___, a female under the age of 14 years and not then the wife of said defendant, and did then and there knowingly and intentionally inflict serious bodily injury on H___ S___ by hitting her on and about the head with a rock...."

V.T.C.A. Penal Code, § 21.03, Aggravated Rape, provides that:

"(a) A person commits an offense if he commits ... rape of a child as defined in § 21.09 of this code and he:

(1) causes serious bodily injury or attempts to cause death to the victim or

another in the course of the same criminal episode; ...."

V.T.C.A., Penal Code, § 21.09, Rape of a Child, provides that:

"(a) A person commits an offense an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years."

The complained of portion of the jury charge reads as follows:

"Now, if you find ... that the Defendant ... did then and there *knowingly or intentionally and without the consent and against the will* of H___ S___, a female, have sexual intercourse with the said H___ S___, and that the said H___ S___ was not then and there the wife of the defendant, and was under the age of 14 years, and did then and there use force on H___ S___ on the occasion in question to accomplish the sexual intercourse and that the defendant, JOHNNY FANCHER, in the course of the same criminal episode as the alleged rape caused serious bodily injury to H___ S___ by then and there intentionally and knowingly hitting the said H___ S___ on or about the head with a rock, then you will find the defendant guilty as charged in the indictment...." (emphasis added)

While we note that lack of consent is not an element of the offense of aggravated rape of a child, its inclusion in the court's charge merely increased the burden of factual proof on the State. *Brooks v. State,* 580 S.W.2d 825, 834 (Tex.Cr.App.1979); *Wilhoit v. State,* 638 S.W.2d 489 (Tex.Cr. App.1982). Since giving the charge was not calculated to injure appellant's rights or otherwise deny him a fair trial, the error, if any, does not require a reversal of the conviction. Art. 36.19, V.A.C.C.P., *Brooks,* supra. Appellant's ground of error is overruled.

■ Appellant next contends in grounds of error three and four the trial court committed reversible error when it admitted evidence seized during the search of appellant's grandfather's house and in allowing a chemist to testify as to the results of a

blood analysis performed on appellant's clothing, fruits of the search. It is well established that a search conducted without a warrant issued on probable cause is *per se* unreasonable and that the warrant requirement is subject only to a few well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). "One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Kolb v. State,* 532 S.W.2d 87, 89 (Tex.Cr.App.1976). Before consent can be effective, however, the prosecution must prove by clear and convincing evidence that the consent was given freely and voluntarily. *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Martin v. State,* 610 S.W.2d 491 (Tex.Cr.App.1980). Whether consent to search was voluntary is a question of fact to be determined from the totality of the circumstances. *Brem v. State,* 571 S.W.2d 314, 319 (Tex.Cr.App. 1978); *Martin,* supra at 492.

■ The record reflects that Amarillo Police Detective Bobby Griffin was called to the crime scene at approximately 11 p.m., September 3, 1980, and began interviewing witnesses. After interviewing three witnesses, officers focused their investigation on the appellant. Griffin then called the sister of appellant's grandfather to determine the appellant's address. At approximately 12:45 a.m., Griffin, Amarillo Police Detective Rick Landers and Juvenile Officer Ernie Womble went to appellant's grandfather's house where the appellant was residing. The record reflects that George Johnson, grandfather of the appellant and owner of the residence, allowed officers to enter his home and, after a short discussion, signed a voluntary consent to search form. Griffin testified that Mrs. Johnson, appellant's grandmother, then left the room and returned shortly with appellant's clothing which she had removed from his room. The appellant was then awakened by his grandmother and given his *Miranda* warnings by Detective Griffin.

We find that George Johnson as owner and resident of the home where appellant was living had authority to consent to the search. It is well established in Texas that third parties have authority to consent to a search when they have equal control over and equal use of the premises being searched. *Swift v. State,* 509 S.W.2d 586, 591 (Tex.Cr.App.1974). In addition, the record reflects that the police did not themselves search for the appellant's clothing; these items were given to them by Mrs. Johnson shortly after the consent to search form was signed. The record reflects that the consent was given freely and voluntarily and there is no evidence that the consent given was the product of police pressure or coercion. Inasmuch as the search of the premises was made with the voluntarily given consent of one authorized to give such consent, the evidence seized during the search and the subsequent testimony of the chemist concerning results of the blood analysis performed on appellant's clothing was properly admitted into evidence. Grounds of error three and four are overruled.

In ground of error number six, appellant contends that the trial court committed error in admitting appellant's confession into evidence inasmuch as it was the product of an illegal arrest and detention. We need not answer appellant's contention as this was not his objection at trial. This court has consistently held that in order to complain about the admissibility of an admission or confession there must be an objection thereto in the trial court. The objection must call the attention of the trial court to the particular complaint raised on appeal. *Ex Parte Bagley,* 509 S.W.2d 332 (Tex.Cr.App.1974).

■ An examination of the record reveals that the ground of error does not comport with the objections made at trial,[1]

1. When State's exhibit No. 18, the confession, was introduced into evidence, appellant's counsel made the following objection:

"MR. MANN: We respectfully object, Your Honor, on the basis of the Motion heretofore filed. Specifically our objection is the State

and nothing is presented for review. *Bouchillon v. State,* 540 S.W.2d 319, 322 (Tex. Cr.App.1976). Ground of error number six is overruled.

■ Appellant finally contends that the trial court denied appellant the right to place the testimony of William Habern, former staff counsel at the Texas Department of Corrections and currently an attorney in private practice specializing in correctional law, before the jury at the punishment phase of the trial. Appellant argues that Habern's testimony, which concerned the lack of treatment facilities at the Texas Department of Corrections, would have had a direct bearing on appellant's eligibility for probation and on mitigation of punishment. The determination of the relevancy of evidence lies within the sound discretion of the trial court. *Williams v. State,* 535 S.W.2d 637 (Tex.Cr.App.1976). In *Stiehl v. State,* 585 S.W.2d 716 (Tex.Cr.App.1979), a case which concerned pre-trial as opposed to post-trial confinement, we said that the judicially created factors which can be introduced in mitigation should have a relationship to the circumstances of the offense itself or to the defendant himself *before or at the time of the offense.* The Court further noted that the factors which arose after the offense and independently of the defendant are not admissible in mitigation of punishment. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.

has totally failed to prove that it was totally voluntary and a waiver is required under Miranda and under Article 38.22 of the Texas Code of Criminal Procedures. [sic]"

After initially complaining about the search of the residence at 3710 South Polk, appellant's motion to suppress the evidence went on to request the suppression of:

"Any statement, if any either written or oral, made by the Defendant, JOHNNY FANCHER, and any other person present *at his resi-*dence at 3710 S. Polk, Amarillo, Texas, on the occasion when agents of the Amarillo Police Department came to his residence and requested to view the premises surrounding the Defendant's residence and any items on said premises." (Emphasis added).

Appellant did not give the statement to police officers at his residence but at the Amarillo Police station. Additionally, there was no showing of a violation under Art. 38.22, V.A. C.C.P., as appellant alleged in his motion.