Opinion filed April 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00273-CR 

                                                    __________

 

                             SHONTELL RENAY GUNTER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR33492

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Shontell Renay Gunter of the offense of possession of less than
one gram of cocaine, and the trial court assessed punishment at confinement for
two years in a state jail facility.  The trial court suspended the imposition
of the sentence, placed appellant on community supervision for four years, and
ordered that appellant be confined for not more than one year or less than six
months in a substance abuse felony treatment facility.  We reverse and remand.








Appellant
presents four issues on appeal.  In all four, she contends that she received
ineffective assistance of counsel at trial.  She argues that trial counsel was
ineffective for the following reasons:  failing to file a motion to suppress or
object that the cocaine was inadmissible due to the illegal search of appellant=s purse, asking only one
question during voir dire, asking appellant about her prior drug use during
direct examination, and committing errors that cumulatively resulted in
ineffective assistance.  

To
determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  In assessing counsel=s performance, we must make
every effort to eliminate the distorting effects of hindsight, to reconstruct
the circumstances, and to evaluate the conduct from counsel=s perspective at the time. 
We must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991).  A defendant is
not entitled to perfect or error‑free counsel.  Isolated instances of
errors of omission or commission do not render counsel=s performance ineffective; ineffective
assistance of counsel cannot be established by isolating one portion of trial
counsel=s performance
for examination.  McFarland v. State, 845 S.W.2d 824 (Tex. Crim. App.
1992). 

The
record shows that Officer Ernest Neil Truex of the Midland Police Department
was patrolling an area of Midland known as the Aflats@ or the Acuts.@  This area was known for
open-air narcotics trafficking.  A little after 11:00 p.m., Officer Truex
observed a white pickup make several passes by Remy=s Club, circling the area.  Officer Truex then
observed the pickup pull up to the curb and saw a female get out of the
passenger=s side of
the pickup, run toward the club, and return to the pickup in about one minute. 
Officer Truex thought that the female had probably purchased drugs.  He
immediately commenced a traffic stop because the driver of the pickup failed to
use a turn signal as he exited the curb and then made a left turn.








Officer
Truex first approached the driver of the vehicle, Mark Gillespie, and asked him
to exit the pickup.  They talked briefly.  Officer Truex then approached the
passenger of the pickup, appellant, and asked her to exit the pickup. 
Gillespie consented to a search of the pickup.  Officer Truex went to the
passenger=s side to
search it first.  He saw appellant=s
purse on the passenger=s
side floorboard beside the center hump.  He searched the purse.  From one of
the pockets of the purse, he seized crack cocaine and a crack pipe.  The
cocaine was wrapped inside a grocery store receipt.

Both
parties agree that the facts of this case are similar to those in Stokvis v.
State, 147 S.W.3d 669 (Tex. App.CAmarillo
2004, pet. ref=d).  In
Stokvis, the defendant was convicted for possession of a controlled
substance that had been found in her purse.  The defendant=s purse was searched during
a search of a pickup, driven by a male, in which the defendant was a
passenger.  147 S.W.3d at 670.  The pickup had been pulled over for a traffic
violation, and the driver had given consent for the search.  Id.  Citing
authority from the Texas Court of Criminal Appeals, the Amarillo court held
that the defendant had a legitimate expectation of privacy in her purse, that
the driver=s consent
did not authorize the search of the defendant=s
purse, and that the trial court abused its discretion in denying the defendant=s motion to suppress.  Id.
at 671-72.  








In
its brief in this case, the State concedes, ABecause
there is a genuine issue of the legality of the search of the purse[,] it would
follow that the trial attorney committed an unprofessional error in not
objecting to the admission of the evidence.@ 
Although the State agrees that the search was not justified based upon consent,
the State poses another possible justification for the search of appellant=s purse:  probable cause. 
The State also concedes that, if probable cause was lacking, then Atrial counsel was
ineffective for failing to object because an objection would have resulted in
the suppression of the evidence.@ 
However, nothing in the record would support a finding of probable cause.  At
trial, Officer Truex testified that he had only a Asuspicion@
that appellant had participated in a drug purchase at Remy=s but that he did not
actually see any type of transaction.  When Officer Truex was asked if he
could have obtained a search warrant based upon what he had seen, Officer Truex
answered, ANo.@  Officer Truex did not
believe he had probable cause for a search.           As conceded by the State,
without appellant=s
consent to the search of her purse or probable cause for the search:  (1) the
evidence obtained during the improper search was inadmissible; (2) an objection
would have resulted in the suppression of the cocaine; and (3) trial counsel=s failure to object
constituted ineffective assistance.  If evidence concerning the cocaine had
been suppressed, appellant would not have been convicted for possessing it. 
Consequently, appellant has shown that trial counsel=s representation fell below an objective
standard of reasonableness and that there is a reasonable probability that the
result of the proceeding would have been different but for counsel=s errors.  We must
therefore hold that trial counsel rendered ineffective assistance.  Appellant=s first issue is
sustained.  Consequently, we need not reach appellant=s remaining issues.  Tex. R. App. P. 47.1.

The
judgment of the trial court is reversed, and the cause is remanded for further
proceedings. 

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 30, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.