**Opinion filed April 30, 2009**



In The

# Eleventh Court of Appeals

_____

### No. 11-07-00273-CR

_____

## SHONTELL RENAY GUNTER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33492**

## M E M O R A N D U M   O P I N I O N

The jury convicted Shontell Renay Gunter of the offense of possession of less than one gram of cocaine, and the trial court assessed punishment at confinement for two years in a state jail facility. The trial court suspended the imposition of the sentence, placed appellant on community supervision for four years, and ordered that appellant be confined for not more than one year or less than six months in a substance abuse felony treatment facility. We reverse and remand.

Appellant presents four issues on appeal. In all four, she contends that she received ineffective assistance of counsel at trial. She argues that trial counsel was ineffective for the

following reasons: failing to file a motion to suppress or object that the cocaine was inadmissible due to the illegal search of appellant's purse, asking only one question during voir dire, asking appellant about her prior drug use during direct examination, and committing errors that cumulatively resulted in ineffective assistance.

To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In assessing counsel's performance, we must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). A defendant is not entitled to perfect or error-free counsel. Isolated instances of errors of omission or commission do not render counsel's performance ineffective; ineffective assistance of counsel cannot be established by isolating one portion of trial counsel's performance for examination. *McFarland v. State*, 845 S.W.2d 824 (Tex. Crim. App. 1992).

The record shows that Officer Ernest Neil Truex of the Midland Police Department was patrolling an area of Midland known as the "flats" or the "cuts." This area was known for open-air narcotics trafficking. A little after 11:00 p.m., Officer Truex observed a white pickup make several passes by Remy's Club, circling the area. Officer Truex then observed the pickup pull up to the curb and saw a female get out of the passenger's side of the pickup, run toward the club, and return to the pickup in about one minute. Officer Truex thought that the female had probably purchased drugs. He immediately commenced a traffic stop because the driver of the pickup failed to use a turn signal as he exited the curb and then made a left turn.

Officer Truex first approached the driver of the vehicle, Mark Gillespie, and asked him to exit the pickup. They talked briefly. Officer Truex then approached the passenger of the pickup,

2

appellant, and asked her to exit the pickup. Gillespie consented to a search of the pickup. Officer Truex went to the passenger's side to search it first. He saw appellant's purse on the passenger's side floorboard beside the center hump. He searched the purse. From one of the pockets of the purse, he seized crack cocaine and a crack pipe. The cocaine was wrapped inside a grocery store receipt.

Both parties agree that the facts of this case are similar to those in *Stokvis v. State*, 147 S.W.3d 669 (Tex. App.—Amarillo 2004, pet. ref'd). In *Stokvis*, the defendant was convicted for possession of a controlled substance that had been found in her purse. The defendant's purse was searched during a search of a pickup, driven by a male, in which the defendant was a passenger. 147 S.W.3d at 670. The pickup had been pulled over for a traffic violation, and the driver had given consent for the search. *Id.* Citing authority from the Texas Court of Criminal Appeals, the Amarillo court held that the defendant had a legitimate expectation of privacy in her purse, that the driver's consent did not authorize the search of the defendant's purse, and that the trial court abused its discretion in denying the defendant's motion to suppress. *Id.* at 671-72.

In its brief in this case, the State concedes, "Because there is a genuine issue of the legality of the search of the purse[,] it would follow that the trial attorney committed an unprofessional error in not objecting to the admission of the evidence." Although the State agrees that the search was not justified based upon consent, the State poses another possible justification for the search of appellant's purse: probable cause. The State also concedes that, if probable cause was lacking, then "trial counsel was ineffective for failing to object because an objection would have resulted in the suppression of the evidence." However, nothing in the record would support a finding of probable cause. At trial, Officer Truex testified that he had only a "suspicion" that appellant had participated in a drug purchase at Remy's but that he did not actually see any type of transaction. When Officer Truex was asked if he could have obtained a search warrant based upon what he had seen, Officer Truex answered, "No." Officer Truex did not believe he had probable cause for a search.

As conceded by the State, without appellant's consent to the search of her purse or probable cause for the search: (1) the evidence obtained during the improper search was inadmissible; (2) an objection would have resulted in the suppression of the cocaine; and (3) trial counsel's failure to object constituted ineffective assistance. If evidence concerning the cocaine had been suppressed,

3

appellant would not have been convicted for possessing it. Consequently, appellant has shown that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors. We must therefore hold that trial counsel rendered ineffective assistance. Appellant's first issue is sustained. Consequently, we need not reach appellant's remaining issues. TEX. R. APP. P. 47.1.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.


JIM R. WRIGHT
CHIEF JUSTICE


April 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4