NO. 07-10-00340-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 20, 2012

_____

BILLY L. JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,067; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Billy L. Johnson, appeals his convictions for aggravated sexual assault, indecency with a child, sexual assault, and aggravated sexual assault of a child. Appellant also appeals the resulting sentences of 50 years incarceration for the two aggravated offenses, and 20 years incarceration for the other two offenses. We will affirm the judgment of the trial court.

Background

As a result of allegations made by Chelsey Sapp, appellant's sister-in-law, appellant was charged with committing aggravated sexual assault on or about

November 21, 2003, indecency with a child on or about November 21, 2002, sexual assault on or about June 9, 2008, and aggravated sexual assault of a child on or about February 1, 2004. During trial, the State offered evidence of a number of different incidents occurring between appellant and Sapp over a period covering approximately six years. During the State's closing arguments, the State informed the jury that the dates of the offenses contained in the indictment were "probably not when the assaults occurred." The case was submitted to the jury who found appellant guilty of each of the four counts alleged in the indictment.

During the punishment phase of the trial, the State sought to offer evidence that appellant had failed to comply with the terms and conditions of his pretrial release. However, because the probation officer that actually supervised appellant on his pretrial release was unavailable, the State offered the testimony of another probation officer. The trial court overruled appellant's objection to the evidence, and the witness was allowed to testify. The jury returned a verdict sentencing appellant to 50 years incarceration for the aggravated sexual assault and aggravated sexual assault of a child convictions, and 20 years incarceration for the indecency with a child and sexual assault convictions.

Appellant presents two issues by his appeal. By his first issue, appellant contends that the trial court erred in admitting testimonial evidence prepared by a witness whom appellant was not afforded the opportunity to cross-examine. By his second issue, appellant contends that the trial court committed constitutional error when

it failed to compel the State to elect the evidence it relied on to prove each of the offenses alleged in the indictment.

## Right of Confrontation

By his first issue, appellant contends that the trial court erred in admitting testimonial evidence prepared by a witness whom appellant was not afforded the opportunity to cross-examine in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution, and Article I, Section 10, of the Texas Constitution. Specifically, appellant challenges the admission of the testimony of Billy Wootan relating to chronological notes, or "chronos," prepared by Steve Timmons, the probation officer supervising appellant's pretrial supervision bond.

To preserve claims of error in the admission of evidence for appellate review, the complaining party must have made a timely and specific objection during trial, and the failure to object waives any error in the admission of the evidence. See TEX. R. APP. P. 33.1(a); Fancher v. State, 659 S.W.2d 836, 839 (Tex.Crim.App. 1983); Salas v. State, 486 S.W.2d 956, 957 (Tex.Crim.App. 1972). This is true even though the error may concern a constitutional right of the defendant. See Muniz v. State, 851 S.W.2d 238, 255-56 (Tex.Crim.App. 1993); Russell v. State, 665 S.W.2d 771, 777 (Tex.Crim.App. 1983). "[T]he purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." Martinez v. State, 22 S.W.3d 504, 507 (Tex.Crim.App. 2000).

An objection on the basis of hearsay does not preserve error on Confrontation Clause grounds. Paredes v. State, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004).

3

Further, even when a defendant objects under both the Texas Rules of Evidence and the Confrontation Clause, an objection which does not specify on which basis it is asserted is not sufficiently specific to preserve error. Cantu v. State, 939 S.W.2d 627, 634 (Tex.Crim.App. 1997).

In the present case, during presentation of evidence in the punishment phase of trial, the State sought to introduce the testimony of Wootan. Appellant, in a hearing outside the presence of the jury, objected, stating, "I would add a hearsay objection, Judge, since – if the chronos were in fact documented by another officer, I would make a hearsay – confrontation clause objection." The trial court overruled appellant's objection. Appellant asked the trial court's permission to take the witness on voir dire when he began his testimony. The trial court then stated, "All he is going to be testifying to is being the custodian of those records[,] I would assume."[1] Subsequently, appellant reiterated his hearsay objection on three occasions, and his only requests for a running objection related to this hearsay objection.

On appeal, appellant's first issue is solely based on an alleged violation of his confrontation rights. However, an objection on the basis of hearsay does not preserve error on Confrontation Clause grounds. Paredes, 129 S.W.3d at 535. It is clear from a review of the record that any objection raised by appellant on confrontation grounds was

---

[1] This statement by the trial court is significant in assessing whether the grounds of the objection were apparent to the trial court from the context of the objection since this statement makes it clear that the trial court was considering appellant's objection to relate to Wootan's testimony being hearsay rather than being a violation of the appellant's confrontation rights. See Heidelberg v. State, 144 S.W.3d 535, 538 (Tex.Crim.App. 2004) (whether the specific grounds for an objection are apparent from the context must be based on a review of each situation individually).

not sufficiently specific to preserve error.  See <u>Cantu</u>, 939 S.W.2d at 634.  Further, given the context of the discussion regarding Wootan's testimony, appellant's brief mention of confrontation was not sufficiently specific to bring the objection to the attention of the trial court at a time when the trial court could have corrected any error. See <u>Martinez</u>, 22 S.W.3d at 507.

Thus, we conclude that appellant failed to preserve any objection to the admission of Wootan's testimony on the basis of a violation of appellant's right to confront witnesses against him.  Consequently, we overrule appellant's first issue.

Election of Evidence

By his second issue, appellant contends that the trial court committed constitutional error when it failed to compel the State to elect which evidence it relied on to prove each of the offenses alleged in the indictment.

Generally, when a defendant is alleged to have committed one act of intercourse in an indictment but the evidence shows more than one act of intercourse in a sexual assault trial, in the face of a timely request by the defendant, the State must elect the act upon which it relies for conviction.  See <u>Phillips v. State</u>, 130 S.W.3d 343, 349 (Tex.App.—Houston [14th Dist.] 2004), <u>aff'd</u>, 193 S.W.3d 904 (Tex.Crim.App. 2006).  A defendant's request for an election is timely if it is made once the State rests its case-in-chief.  See <u>O'Neal v. State</u>, 746 S.W.2d 769, 772 (Tex.Crim.App. 1988).  A defendant's failure to timely request an election may be strategic and, as such, may be waived or forfeited.  See <u>Cosio v. State</u>, 353 S.W.3d 766, 775 (Tex.Crim.App. 2011).

At a pretrial hearing on the State's motion to quash appellant's subpoena for disclosure of grand jury information, appellant's counsel stated that "cases of aggravated sexual assault are categorically frequently fuzzy about dates, and the indictments wildly mismatch the proof offered at trial. Some sort of election may be required." We conclude that this statement does not constitute a request for the State to elect the evidence upon which it would rely. First, the statement is speculative regarding evidence that the State may offer during trial. Second, even were we to accept this statement as a request for an election, it was not timely since it was made before trial had even begun rather than at the close of the State's case-in-chief. See O'Neal, 746 S.W.2d at 772.

However, appellant's contention is that his pretrial assertion that an election may be required when considered in conjunction with objections made during the charge conference amount to a motion for election. The specific charge objections upon which appellant relies are an objection to the inclusion of a limitations instruction because "its effect in a case where the indicted offense covers six years is to confuse the jury and to encourage them to consider different alleged offenses committed at widely varied times over a multiple year period, again, harming Defendant's right to jury unanimity," and an objection to the omission of an instruction requiring a guilty verdict to be based on "a unanimous verdict on which specific criminal acts the Defendant committed, if any." We do not construe these objections as amounting to a request for the State to make an election of evidence. Even when we consider appellant's pretrial assertion that an election may be required in conjunction with his charge conference objections, we cannot conclude that it was a sufficiently clear request for the State to make an election.

6

Considering the significant strategic considerations influencing a defendant's decision whether to request the State to elect the evidence upon which it will rely to prove the allegations contained in the indictment, see Cosio, 353 S.W.3d at 775 (discussing strategic factors relevant to a defendant's decision whether to request an election), we conclude that a request for election must be timely asserted, and sufficiently clear to allow the court to reasonably conclude that the defendant intends to forfeit the strategic advantages of not requesting an election. In the present case, appellant's "request" was not timely asserted, and was not sufficiently clear to allow the court to reasonably conclude that appellant intended to forfeit the strategic advantages of not requesting an election. Consequently, we overrule appellant's second issue.

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Quinn, C.J., concurring with result.

Do not publish.

7