

# NUMBER 13-12-00469-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                      Appellant,

v.

MARK CHRISTOPHER KRALL,                                          Appellee.

## On appeal from the 377th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

The State appeals the trial court's order granting a motion to suppress filed by appellee, Mark Christopher Krall. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2011) (providing that the State is entitled to appeal an order granting a motion to suppress evidence). In a single issue, the State contends that the trial court erred in granting Krall's motion to suppress. We affirm.

## I. BACKGROUND

Krall was charged with unlawful possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010). He filed a motion to suppress, which the trial court granted.

At the suppression hearing, the following facts were established. On August 19, 2011, Deputy Ernest Castillo of the Victoria County Sheriff's Office stopped a four-door pickup truck for following another vehicle too closely. The truck was being driven by Jorge Saenz and Krall was the only passenger. During the traffic stop, Deputy Castillo asked the driver, Saenz, for consent to search the vehicle. At that time, Saenz gave consent for a search of his vehicle. After obtaining consent from Saenz, Deputy Castillo asked Krall to exit the vehicle so the deputy could conduct the search. Deputy Castillo then asked Krall if a black duffel bag located in the backseat belonged to Krall. Krall answered that the bag was his. Deputy Castillo did not ask Krall for permission to search the bag, and Krall did not consent to a search of the bag. Upon searching the bag, Deputy Castillo discovered what was later identified as cocaine.[1]

On March 9, 2012, the trial court granted Krall's motion to suppress. In its order granting the motion, the trial court found that Krall had a reasonable expectation of privacy with respect to the contents of his duffel bag and Krall did not consent to a search of the bag. The trial court further found that there was no evidence presented that Krall heard the consent given by Saenz to search the vehicle. The trial court found that, prior to searching Krall's duffel bag, Deputy Castillo was aware that the bag belonged to Krall and not Saenz. Finally, the trial court concluded that it was not

---

[1] An additional amount of cocaine was found on Krall's person after he was booked into the county jail.

objectively reasonable for the officer to determine that the scope of Saenz's consent extended to a search of Krall's duffel bag.

## II. APPLICABLE LAW

### A.    Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State,* 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Trial judges are uniquely situated to observe the demeanor and appearance of any witnesses and, as the sole fact-finder at a suppression hearing, may believe or disbelieve any portion of a witness's testimony and make reasonable inferences from the evidence presented. *Amador v. State,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Accordingly, we afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc). We afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See id.* We may review de novo "mixed questions of law and fact" not falling within this category. *See id.* However, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse it even if we are convinced that the evidence should have been weighed differently. *See Riley v. State,* 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be

3

clearly erroneous. *Id.* This is so even when the trial court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts. *See id.*

Whether a specific search or seizure is reasonable or supported by probable cause is a question of law subject to de novo review. *Dixon v. State,* 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). Whether consent was given voluntarily under the Fourth Amendment is a fact question to be given deference. *Hubert v. State,* 312 S.W.3d 554, 560 (Tex. Crim. App. 2010).

During our review, we consider all the evidence in the light most favorable to the trial court's ruling. *State v. Iduarte,* 268 S.W.3d 544, 548 (Tex. Crim. App. 2008). Where a trial court does not enter any findings of fact on certain issues when granting a defendant's motion to suppress, we must "assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *State v. Ross,* 32 S.W.3d 853, 858 (Tex. Crim. App. 2000) (en banc). We then review the trial court's legal conclusions de novo and will uphold the ruling so long as it is supported by the record and correct under any legal theory applicable to the case. *Iduarte,* 268 S.W.3d at 548.

## B.   Third Party Consent to Search

The Fourth Amendment to the United States Constitution provides protection from "unreasonable" searches and seizures by government officials. *Hubert,* 312 S.W.3d at 560; *see* U.S. CONST. amend. IV. Over the years, the United States Supreme Court has examined the boundaries of reasonableness in a variety of contexts. *Hubert,* 312 S.W.3d at 560. Generally, searches conducted without a warrant are deemed

4

unreasonable. *Id.* There are, however, several well-settled exceptions to the warrant requirement. *Id.* One such exception arises when a person voluntarily consents to a search. *Id.* Whether it is reasonable under the Fourth Amendment for an officer to rely on consent is a question to be determined by examining the totality of the circumstances. *Id.* (citing *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)).

A third party can consent to a search to the detriment of another's privacy interest if the third party has actual or apparent authority over the place or thing to be searched. *Id.* The third party may, in his own right, give valid consent when he and the absent, non-consenting person share common authority over the premises or property. *Id.* (citing *United States v. Matlock*, 415 U.S. 164, 170 (1974); *Becknell v. State*, 720 S.W.2d 526, 528 (Tex. Crim. App. 1986); *Fancher v. State*, 659 S.W.2d 836, 839 (Tex. Crim. App. 1983)). Although property interests are relevant to this determination, the commonality of authority to consent is not determined solely by the law of property. *Id.* Instead, common authority is shown by

> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that either party has the right to permit the inspection in his own right and that the other party has assumed the risk that one of their number might permit the property to be searched.

*Id.* at 560–61 (citing *Matlock*, 415 U.S. at 171 n.7).

Actual authority is not necessarily a prerequisite for a valid consensual search. *Id.* at 561. When an officer reasonably, though erroneously, believes that a third party purporting to provide consent has actual authority over the place or thing to be

searched, apparent authority exists and the purported consent from the third party can serve to make the search reasonable. *Id.*

Whether a third party had authority to consent involves an application of legal principles to facts; therefore, whether an officer was reasonable in finding that a third party had actual or apparent authority to consent are mixed questions of law and fact which reviewing courts should examine de novo. *See id.* at 559.[2]

### III. ANALYSIS

The legitimacy of the search of Krall's duffel bag is at issue in this appeal. It is undisputed that the search was based solely upon Saenz's consent; that Krall was never asked for permission to search his duffel bag; that Krall was the only passenger in the truck; that the duffel bag was located in the backseat; and that Krall claimed ownership of the bag to the officer prior to the search.

The State has the burden to show that the person who consented to the search had actual or apparent authority to consent. *Id.* at 561 (citing *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990)). To meet its burden, the State must provide evidence that a third party either had mutual access to and control over the place that was searched, or that the officers conducting the search reasonably believed facts provided to them by a third

---

[2] The *Hubert* Court stated:

> Texas courts have not explicitly declared whether the determination of whether third-party consent is valid is a question of law or a question of fact. As a matter of practice, however, they have analyzed the matter as a mixed question of law and fact, to be reviewed de novo, as evidenced by opinions that weigh the facts that are in the record on appeal and then make an independent legal determination. The federal circuits have been more explicit about how they review these issues on appeal, generally concluding that whether it is reasonable for the police to credit the purported consent of a third party to conduct a particular search should be treated as a mixed question of law and fact, to be reviewed by appellate courts on a de novo basis.

*Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010) (footnotes omitted).

party that would have been legally sufficient to justify a search as reasonable. *Id.* Under the Fourth Amendment, the State must show by a preponderance of the evidence that it was reasonable for officers to proceed on the information they had. *Id.* (citing *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)).

## A. Actual Authority

Third parties may give consent to search the property of another. *Stokvis v. State*, 147 S.W.3d 669, 672 (Tex. App.—Amarillo 2004, pet. ref'd). But, for the consent to be valid, the State must establish that the third party had a legitimate expectation of privacy in or had authority to jointly use the item searched. *Id.* (holding that the driver's consent to search his truck did not extend to the passenger's purse, which was left on the passenger seat, because "the State failed to prove here that [the driver] had a legitimate privacy interest in, exercised equal control over, or had the authority to jointly use the purse") (citing *Maxwell,* 73 S.W.3d at 281–82) (stating that third persons may give valid consent to search when they exercise equal control over and have authority to use the premises being searched); *Boyle v. State,* 820 S.W.2d 122, 143 (Tex. Crim. App. 1989) (en banc) (holding the same and recognizing that the rule is applicable to motor vehicle searches); *May v. State*, 582 S.W.2d 848, 851 (Tex. Crim. App. 1979) (holding that consent of the passenger to search the vehicle which belonged to his parents did not extend to a lunch box which the officer knew belonged to the defendant)). The third party may, in his own right, give valid consent when he and the absent, non-consenting person share common authority over the premises or property. *Matlock,* 415 U.S. at 170. Common authority is shown by mutual use of the property by persons generally having joint access or control for most purposes, so that it is

7

reasonable to recognize that any one person has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the property to be searched. *Id.* at 171 n. 7. A defendant who has thus assumed the risk that another may permit a search of their shared property or premises may not complain of that search under the Fourth Amendment. *Hubert,* 312 S.W.3d at 560.

To determine whether or not Saenz had common authority over Krall's bag, the trial court relied on Deputy Castillo's testimony. After hearing the officer's testimony, the trial court issued findings of fact in its order granting the motion to suppress. The trial court found that the duffel bag was located inside the truck Saenz was driving and that Saenz consented to a search of his vehicle while speaking with the officer outside of Krall's presence. Since the trial court made no finding of fact as to Saenz's privacy interest in or common authority over Krall's duffel bag, we assume the trial court made implicit findings of fact, in support of its ruling, that Saenz did not have a legitimate privacy interest in or common authority over the bag. *See Baird v. State,* 398 S.W.3d 220 (Tex. Crim. App. 2013)*; Ross,* 32 S.W.3d at 858.

We conclude that these implicit findings, which were based on the trial court's evaluation of Deputy Castillo's credibility and demeanor, are supported by the evidence. *See Guzman,* 955 S.W.2d at 89 (noting that we afford "almost total deference" to trial court findings based on an evaluation of credibility and demeanor which are supported by the evidence). In particular, Krall's statement to Deputy Castillo indicating that the duffel bag belonged to him established that Krall did not "assume[] the risk" that Saenz might consent to a search of the bag. *See Hubert,* 312 S.W.3d at 560–61 (citing *Matlock*, 415 U.S. at 171 n.7). Krall's statement of ownership of the bag—which, as

8

noted, was made prior to the search—further made it unreasonable for Deputy Castillo "to recognize that either party has the right to permit the inspection in his own right." *Id.* The evidence therefore supported the trial court's implicit finding that Saenz did not have a legitimate privacy interest in or common authority over the bag at issue.

## B. Apparent Authority

Even if the third party lacks actual authority to consent, a search may be valid if the third party had apparent authority. The apparent authority doctrine states that "when officers have acted in good faith upon the consent given by an owner in conducting a search, the evidence seized cannot be excluded merely because the officers made a reasonable mistake as to the extent of the owner's authority." *McNairy v. State,* 835 S.W.2d 101, 105 (Tex. Crim. App. 1991) (en banc), *abrogated in part on other grounds by Turrubiate v. State*, No. PD-0388-12, 2013 WL 1428172, at *4 (Tex. Crim. App. Apr. 10, 2013). Under the apparent authority doctrine, an officer conducting a consensual search must make reasonable inquiries when "ambiguous circumstances" arise. *Id.*; *Pair v. State*, 184 S.W.3d 329, 334 (Tex. App.—Fort Worth 2006, no pet.). Thus, when an item does not reasonably appear to be included within the consent obtained, the searching officer must stop and make inquiries as to the continued effectiveness of the consent. *McNairy,* 835 S.W.2d at 105. The reviewing court determines authority to consent using an objective standard: would the facts available to the officer at the moment of the search warrant a man of reasonable caution in the belief that the consenting party had authority over the premises and its contents. *Rodriguez,* 497 U.S. at 188 (citing *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968)). If not, and

in the absence of actual authority, then a warrantless search without further inquiry is unlawful. *Id.* at 188–89.

Here, the trial court implicitly found that Krall was the only person in the vehicle who had a reasonable expectation of privacy with respect to the contents of the duffel bag. Further, it is undisputed that Krall was not asked and did not consent to a search of his bag and that the officer was made aware that the bag belonged to Krall prior to searching it. While it was possible for the officer to believe the driver's consent extended to Krall's bag, Krall's statement that the bag was his gave rise to "ambiguous circumstances" that would have raised a question in the mind of a reasonable person as to whether Saenz had authority to consent to a search of Krall's bag. *See McNairy,* 835 S.W.2d at 105. The instant Krall told Deputy Castillo that the bag belonged to him, the officer knew or should have known that a search of the bag was beyond the consent granted by Saenz. As in *May*, "[t]he fact that the officer made inquiry [as to Krall's ownership of the bag] is indicative of wariness on his part that the consent was not unlimited." *May,* 582 S.W.2d at 852. Officer Castillo's "fail[ure] to heed the responsive assertion of right" by Krall led him into an "abridgement of rights vouchsafed by the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution." *Id.* (providing that consent of the passenger to search the vehicle which belonged to his parents did not extend to a lunch box which the officer knew belonged to the defendant). Under these circumstances, we conclude that it was not objectively reasonable for Deputy Castillo to determine that Saenz had apparent authority to consent to a search of Krall's duffel bag.

## IV. CONCLUSION

The State failed to prove that Saenz had either actual or apparent authority to consent to the search of Krall's bag. *See id.* Accordingly, the State failed to establish a valid exception to the warrant requirement, and the trial court did not err by granting Krall's motion to suppress.

We affirm the judgment of the trial court.


/s/ Dori Contreras Garza
DORI CONTRERAS GARZA,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2013.

11