PD-0664-15

PD-0664-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/3/2015 8:58:43 PM
Accepted 6/4/2015 11:59:22 AM
ABEL ACOSTA
CLERK

NO. PD _____

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

_____

STEPHANIE ANN SCHENK,
APPELLANT

VS.

THE STATE OF TEXAS
APPELLEE

_____

ON APPEAL IN CAUSE No. 05-14-00207-CR

FROM THE FIFTH DISTRICT COURT OF APPEALS AT DALLAS

_____

APPELLANT'S MOTION FOR DISCRETIONARY REVIEW

_____

JERRY D. KELLY
STATE BAR NO. 11221500
4131 N. Central EXPWY Suite 110
DALLAS, TEXAS 75204
214-522-7700 PHONE
214-522-7704 FAX

ATTORNEY FOR APPEALLANT

FILED IN
COURT OF CRIMINAL APPEALS

June 4, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

PARTIES TO THE JUDGEMENT:

APPELLANT:                             STEPHANIE ANN SCHENK


APPELLEE:                              STATE OF TEXAS
                                       LEAH MLEZIVA
                                       ASSISTANT DISTRICT ATTORNEY
                                       COLLIN COUNTY DISTRICT ATTORNEY
                                       2100 BLOOMDALE
                                       MCKINNEY, TEXAS 75071


PRESIDING JUDGE:                       HONORABLE BENJAMIN N. SMITH

DEFENSE TRIAL COUNSEL:                 JERRY KELLY
                                        4131 N. Central Expressway, Ste. 110
                                       Dallas, TX  75204

TRIAL PROSECUTORS:                     LEAH MLEZIVA
                                       ASSISTANT DISTRICT ATTORNEY
                                       COLLIN COUNTY DISTRICT ATTORNEY
                                       2100 BLOOMDALE
                                       MCKINNEY, TEXAS 75071

APPELLATE COUNSEL:                     JERRY KELLY
                                        4131 N. Central Expressway, Ste. 110
                                       Dallas, TX  75204

2

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...............................................................2

TABLE OF CONTENTS.............................................................................3,4

LIST OF AUTHORITIES..............................................................................5

STATEMENT REGARING ORAL ARGUMENT...............................................6

STATEMENT OF THE CASE.........................................................................6

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE....................6

GROUNDS FOR REVIEW............................................................................7

### GROUND 1

THE APPELLATE COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR REHEARING BECAUSE THE APPELLANT COURT USED THE INCORRECT LEGAL STANDARD FOR DETERMINING IF MIRANDA SHOULD APPLY TO THE QUESTIONING OF APPELLANT. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

### GROUND 2

THE APPELLATE COURT ERRED WHEN IT SAID APPELLANT WAIVED THE ISSUE THAT AN INVESTIGATIVE DETITION MUST BE TEMPORY AND LAST NO LONGER THAN NECESSARY TO EFFECTUATE THE PURPOSE OF THE STOP BECAUSE CONSTITUTIONAL ERROR DOES NOT NEED TO BE RAISED AT THE TRIAL COURT LEVEL. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES. A NEW SUPREME COURT CASE THAT APPLIES TO THIS CASE CAME DOWN ON APRIL 21, 2015.

### GROUND 3

THE APPELLATE COURT ERRED WHEN IT SAID THAT THE OFFICER DID NOT NEED APPELLANT'S CONSENT TO SEARCH HER PURSE. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH

3

THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

GROUND 4

THE APPELLATE COURT ERRED WHEN IT SAID *STATE V. CULLEN*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) DID NOT APPLY TO THIS CASE BECAUSE THE TRIAL COURT DID NOT FOLLOW CULLEN BECAUSE IT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE NOT BASED IN THE RECORD. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

REASON FOR REVIEW…………………………………………………………7,8

GROUNDS FOR REVIEW 1, RESTATED……………………………………..8

ARGUMENTS AND AUTHORITIES………………………………………….8

GROUNDS FOR REVIEW 2, RESTATED……………………………….....11

ARGUMENTS AND AUTHORITIES………………………………………..11

GROUNDS FOR REVIEW 3, RESTATED……………………………....…14

ARGUMENTS AND AUTHORITIES………………………………………..14

GROUNDS FOR REVIEW 4, RESTATED…………………………….....15

ARGUMENTS AND AUTHORITIES………………………………………..15

PRAYER FOR RELIEF…………………………………………………………16

CERTIFICATE OF SERVICE…………………………………………………16

CERTIFICATE OF COMPLIANCE 9.4(i)(3)…………………………………16

APPENDIX – MEMORANDUM OPINION AND ORDER OF COURT OF APPEALS ENTERED MARCH 16, 2015 …………………………………..17

- ORDER OF COURT OF APPEALS ENTERED DENYING REHEARING ENTERED MAY 20, 2015……………………………………..32

4

# TABLE OF AUTHORITIES

*Arizona v.Gant* ............................................................................................ *13*
     556 U.S. 332 (2009)

*Davis v. State,*
     947 S.W.2d 240 (Tex. Crim. App. 1997) ..................................... 12

*Estrada v. State,*
     No. PD-0106-13, 2014 WL 969221 (Tex. Crim. App. Mar. 12, 2014) ........... 10

*Florida v. Royer,*
     460 U.S. 491, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983) ................... 11,13,15

*Ford v. State,*
     158 S.W.3d 488 (Tex. Crim. App. 2005) ................................. 11

*Meeks v. State,*
     692 S.W.2d 504 (Tex. Crim. App. 1985) ................................. 14,15

*Rodriguez v. United States,*
     135 S. Ct. 1609 (Apr. 21, 2015) ....................................... 8, 11,12

*St. George v. State,*
     237 S.W.3d 720 (Tex. Crim. App. 2007) ................................. 13

*State v. Cullen,*
     195 S.W.3d 696 (Tex. Crim. App. 2006) ................................. 4,7,15

*State v. Ortiz,*
     382 S.W.3d 367 (Tex. Crim. App. 2012) ................................. 8,11

*State v. Rascbaum,*
     No. 08-03-00182-CR, 2005 Tex. App. LEXIS 4192 (Tex. App.—El Paso May 31, 2005) ............................................................. 14

*United States v. Dortch,*
     199 F.3d 193 (5th Cir. 1999) ........................................... 10,12

*United States v. Jones,*
     234 F.3d 234 (5th Cir. 2000) ........................................... 13

*United States v. MacIas*
648 F.3d 506 (5th Cir. 2011) ................................................ 12,13

*United States v. Sharpe,*
     470 U.S. 675 (1985) ................................................... 11

*Wyoming v. Houghton,*
     526 U.S. 295 (1999) ................................................... 14

**Other**
Tex. R. App. P. 9.4(i)(3) ................................................... 16
Tex. R. App. P. 66.3(c) ................................................... 7

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Appellant, Stephanie Ann Schenk, respectfully submits this Petition for Discretionary Review.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant dose not request oral argument in this case.

## STATEMENT OF CASE

Schenk was charged by indictment August 30, 2012 with the state jail offense of Possession of a Controlled Substance. A Motion to Suppress was filed January 9, 2013 and heard on the first day of February 2013. The Judge denied the Motion on January 23, 2014. The Appellant plead guilty on January 23, 2014 a Motion for a New Trial was filed on February 2, 2014 and the Appellant filed Notice of Appeal on February 20, 2014. Punishment was assessed at one year deferred adjudication. The Dallas Court of Appeals overruled her Appeal on March 16, 2015. Appellant filed a Motion for Rehearing on April 13, 2015 which was denied on May 20, 2015.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Court of Appeals affirmed the conviction in an opinion issued March 16, 2015. See *Schenk v. State,* **No. 05-14-00207-CR** (Tex. App. – Dallas) (not designated for publication). Appellant's Motion for Rehearing was filed on April 13, 2015. On May 20, 2015, the Appellate Court denied the motion for rehearing.

## GROUNDS FOR REVIEW

### GROUND 1

THE APPELLATE COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR REHEARING BECAUSE THE APPELLANT COURT USED THE INCORRECT LEGAL STANDARD FOR DETERMINING IF MIRANDA SHOULD APPLY TO THE QUESTIONING OF APPELLANT. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

### GROUND 2

THE APPELLATE COURT ERRED WHEN IT SAID APPELLANT WAIVED THE ISSUE THAT AN INVESTIGATIVE DETITION MUST BE TEMPORY AND LAST NO LONGER THAN NECESSARY TO EFFECTUATE THE PURPOSE OF THE STOP BECAUSE CONSTITUTIONAL ERROR DOES NOT NEED TO BE RAISED AT THE TRIAL COURT LEVEL. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES. A NEW SUPREME COURT CASE THAT APPLIES TO THIS CASE CAME DOWN ON APRIL 21, 2015.

### GROUND 3

THE APPELLATE COURT ERRED WHEN IT SAID THAT THE OFFICER DID NOT NEED APPELLANT'S CONSENT TO SEARCH HER PURSE. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

### GROUND 4

THE *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) BECAUSE IT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE NOT BASED IN THE RECORD. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

## REASON FOR REVIEW

Pursuant to Tex. R. App. P. 66.3(c), this Court should grant discretionary review because the Court of Appeals has decided an important question of state law in a way that conflicts with applicable decisions of the Court of Criminal Appeals. *See State v. Ortiz*, 382 S.W.3d 367 (Tex. Crim. App. 2012). The Court of Appeals is mistaken that Appellant waived its next point of error because a constitutional error does not need to be raised at a trial court and can argue it still. For instance, an investigative detention must be temporary and last no longer than necessary to effectuate the purpose of the stop *Rodriguez v. United States*, 135 S. Ct. 1609 (Apr. 21, 2015). In addition, the officers needed Appellant's consent to search her purse. The Court did not follow *Cullen* because its findings of facts and conclusions of law are not based on the record.

### GROUND FOR REVIEW 1, RESTATED

THE APPELLATE COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR REHEARING BECAUSE THE APPELLANT COURT USED THE INCORRECT LEGAL STANDARD FOR DETERMINING IF MIRANDA SHOULD APPLY TO THE QUESTIONING OF APPELLANT. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

### ARGUMENTS AND AUTHORITIES

In the Appellate Court's Opinion Page 6, the Court misinterpreted *State v. Ortiz*, 382 S.W.3d 367 (Tex. Crim. App. 2012) by believing that it does not apply in this case and therefore the officer did not need to give Appellant her Miranda warnings before questioning her. *Ortiz* sets out the standard to be used to determine if someone is under arrest and in custody for *Miranda* purposes. In making the custody determination, the primary question is whether a reasonable person would perceive the detention to be a restraint on his movement 'comparable to …. formal arrest,' given all the objective

8

circumstances. *Id.* at 372. The Court should only look at objective factors surrounding the detention. *Id.*

All three subjects were ordered out of the vehicle and seated on the curb in the rain. (RR P. 57 ll. 8-25; P. 58 ll. 1-8; and P. 68 ll. 2-6) All three subjects continued to be detained on the curb in the rain and were guarded by Officer Norton who also displayed his gun. (RR. P. 59 ll. 3-7) (State's Exh 1). Testimony at the hearing was as follows:

> Q: And you had him guard these people, standing right in front of them, in an intimidating manner, gun on, standing right in front of them, watching their every move, would you agree with that?
>
> A: Yes, sir. (RR P. 59 ll. 3-7)

Officer White asks Schenk about narcotics and asks her if she has anything in her shoes. (State's Exh. 1) He goes on to ask if they are IV drug users or if anyone is recovering while he searches their arms for track marks, implying that all three occupants are suspects. (State's Exh. 1). Again without giving Miranda warnings, she takes her shoes off and nothing was found. (State's Exh. 1). The officer is asked if they cannot sit on the wet ground and the officer refuses. (State's Exh. 1). Their freedom has been restrained. The fact that Schenk may have smiled does not mean that she is no longer under the control of the officers.

On p. 8, the Court also wants to say that the Appellant would not have felt restrained because there were more passengers in the car than police officers. This surmise ignores the fact that the passengers were smaller than the officers, unarmed and that the police made a showing of authority (State's Exh 1). Even Officer White admitted on the stand that the officer guarding them was intimidating. (RR. P 59 ll. 3-

9

7) The officer guarding them had his hand on his gun for most of the video. (State's Exh. 1) Appellant was a passenger in the vehicle late at night stopped on a road. (State's Exh. 1) Without access to a car that would drive away, where was there for her to go? In addition, the officers had her purse in the car and a woman is not free to go if she has not been returned her handbag. In *United States v. Dortch*, 199 F.3d 193 (5th Cir. 1999); the Fifth Circuit held that a person is not free to leave if the police are holding their driver's license.

On p. 8, the Court also argues that because one of the passengers was allowed to move between the curb and the police car, all the passengers were not restrained. However, this argument ignores the fact that the Appellant and other passengers were not allowed to get out of the rain and initially forced to sit on the wet ground after they complained about it. (State's Exh 1).

The Court wants to compare this case to *Estrada v. State*, No. PD-0106-13, 2014 WL 969221, at *3 (Tex. Crim. App. March 12, 2014) because they say the officer did not point blank ask Appellant if the drugs were hers; however, that is exactly what the officer did. The Court claims that the questioning was done as a group; however, Officer White summons Schenk to the front passenger door of the car and proceeds to ask her if she has any marijuana in her purse again this was done without Miranda warnings. (State's Exh. 1) The other passengers were at the back of the car when this even happens. (State's Exh. 1). The officer believes that he knows what kind of drugs she has by specifically naming them. In the beginning, there is a general inquiry, but by the time the officer gets to Appellant's bag his questions are directed only to her and she is separated from the group so *Estrada* would not apply. (State's Exh. 1). In

10

addition *Estrada* would not apply because Estrada's person is not searched by the police officer for track marks on her arms and feet. In addition, in the *Estrada* case, the officers smelled marijuana going in.

Finally, the Court of Appeals misquotes *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005) by saying it was a totality of the circumstances case. Instead the state must prove what the totality of circumstances with specific articulable facts of the traffic offenses.

## GROUND FOR REVIEW 2, RESTATED

THE APPELLATE COURT ERRED WHEN IT SAID APPELLANT WAIVED THE ISSUE THAT AN INVESTIGATIVE DETITION MUST BE TEMPORY AND LAST NO LONGER THAN NECESSARY TO EFFECTUATE THE PURPOSE OF THE STOP BECAUSE CONSTITUTIONAL ERROR DOES NOT NEED TO BE RAISED AT THE TRIAL COURT LEVEL. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES. A NEW SUPREME COURT CASE THAT APPLIES TO THIS CASE CAME DOWN ON APRIL 21, 2015.

## ARGUMENTS AND AUTHORITIES

The Court of Appeals is mistaken that Appellant waived its next point of error because a constitutional error does not need to be raised at a trial court and can argue it still. In addition, the same standard of proof does not apply to a motion to suppress as a trial. The Supreme Court has said that "the scope of the detention must be carefully tailored to its underlying justification" *Florida v. Royer*, 460 U.S. 491, 500 (1983). Authority for the seizure ends when tasks tied to the traffic infraction are or reasonably should have been completed. *United States v. Sharpe*, 470 U.S. 675, 686 (1985). "Highway and officer safety are interests different in kind from the Government's endeavor to detect crime in general or drug trafficking in particular." *Rodriguez v. United States*, 135 S. Ct. 1609,

11

191 L. Ed 2d 492, 2015 U.S. LEXIS 2807, 500 (No. 13-9972 April 21, 2015). In *Rodriguez*, the critical question for the Supreme Court was not whether the dog sniff occurs before or after the officer issues a ticket, but whether conducting the sniff "prolongs", adds time to the "stop". *Id.* at 501. The Court found a "seven or eight minute delay" unreasonable and remanded the case to the Eighth Circuit for further consideration. *Id.* at 497, 501. Therefore, in Appellant's case the detention was unreasonably delayed and the evidence should have been suppressed. In addition, *Rodriguez* is a new Supreme Court case which should be considered in decided Appellant's case since her case is still on appeal.

Previous cases have also supported this proposition. An investigative detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Dortch*, 199 F.3d at 198; *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). Once the reason for the stop has been satisfied, the stop may not be used as a fishing expedition for unrelated criminal activity. *Davis*, 947 S.W.2d at 243. An officer's subsequent actions are not reasonably related in scope to the circumstances that caused him to stop the vehicle if he detains its occupants beyond the time needed to investigate the circumstances that caused the stop, unless he developed reasonable suspicion of additional criminal activity in the meantime. *United States v. MacIas*, 648 F.3d 509, 519 (5th Cir. 2011). Reasonable suspicion exists when the detaining officer can point to specific and articulable facts that, when taken together with rational inferences from those facts, reasonably warrant the seizure. *Id.* at 519-20. The suspicion required to justify such a detention need not rise to the level of probable cause but must be based on more than an unparticularized suspicion or a hunch and instead must consider "the

12

totality of the circumstances and the collective knowledge and experience of the officer" *Id.* at 520. Acknowledging a prior arrest does not amount to reasonable suspicion. *United States v. Jones*, 234 F.3d 234 (5th Cir. 2000). Moreover, absent reasonable suspicion, officers may conduct only consensual questioning of passengers in a vehicle. *St. George v. State*, 237 S.W.3d 720, 726 (Tex. Crim. App. 2007). Officers may not convey a message that compliance with their request is required absent reasonable suspicion.

Officer White admits that he did not stop the vehicle to give the driver a ticket. (R.R. P. 53 ll. 19-23) Therefore, when the computerized check came back negative, Schenk and the occupants of the vehicle should have been free to leave and allowed to drive away. The extending the detention further was an unreasonable seizure under the 4th amendment of the Constitution. The Court of Appeals suggests that the detention was not over because the officer had not issued a warning ticket. However, an officer cannot just delay and delay and delay issuing a ticket to extend the stop. An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Royer*, 460 U.S. at 500

Moreover, Appellant had a reasonable expectation of privacy and once dispatcher came back saying she did not have a warrant, she had an expectation of privacy and she should have been free to leave. Each person at the scene needs to be taken individually. Appellant made no furtive move, no sign of aggression, and was cooperative. The officers took the Appellant the only female to the only handbag in the car. In *Arizona v. Gant*, 556 U. S. 332 (2009), the Court considered the threshold question whether the police may conduct a search incident to arrest at all once the scene is secure.

13

## GROUND FOR REVIEW 3, RESTATED

THE APPELLATE COURT ERRED WHEN IT SAID THAT THE OFFICER DID NOT NEED APPELLANT'S CONSENT TO SEARCH HER PURSE. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

### ARGUMENTS AND AUTHORITIES

Appellant further argues that the Court's reliance on *Wyoming v. Houghton*, 526 U.S. 295 (1999) is misplaced in decided that the officer did not need Appellant's consent to search her purse. This case more closely resembles *State v. Rascbaum*, No. 08-03-00182-CR , 2005 Tex. App. LEXIS 4192, *12 (Tex. App – El Paso May 31, 2005). In that case the driver had a white powdery substance on his lip that could have been cocaine; however, because the officers failed to test the substance it failed to raise to the level of probable cause to allow the police to search the passenger's purse in the car to be searched. In this case, the officer found a marijuana pipe but did not test the pipe to determine what the substance was. Because this case is more like *Rascbaum* than *Houghton*, Appellant did need to freely and voluntarily give her consent because she was coerced. Before the consent to search is deemed effective the prosecution must prove by clear and convincing evidence that the consent was freely and voluntarily given. *Meeks v. State*, 692 S.W.2d 504, 509 (Tex. Crim. App. 1985). The burden requires the prosecution to show the consent was given was positive and unequivocal and there must not be duress or coercion, actual or implied. *Id.* The consent to search is invalid if granted only in submission to a claim of lawful authority. *Id.* If the detention is unlawful it may also have tainted apparent voluntary consent to search. *Id.* The question of whether consent was voluntary is a question of fact to be determined from the totality of

14

the circumstances. Id. at 510. Consent is not to be confused with peaceful submission to a claim of lawful authority. *Florida v. Royer*, 460 U.S. 491, 497 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Royer's consent was tainted by his illegal detention. *Id.* at 507.

## GROUND FOR REVIEW 4, RESTATED

THE APPELLATE COURT ERRED WHEN IT SAID *STATE V. CULLEN*, 195 S.W.3d 696 (Tex. Crim. App. 2006) DID NOT APPLY TO THIS CASE BECAUSE THE TRIAL COURT DID NOT FOLLOW CULLEN BECAUSE IT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE NOT BASED IN THE RECORD. PURSUANT TO RULE 66.3(C) THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES.

## ARGUMENTS AND AUTHORITIES

The Court of Appeals is also incorrect about stating that *State v. Cullen* does not apply in this case. It states that: upon the request of the losing party on a motion to suppress, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts. 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The Court did not follow *Cullen* because its findings of facts and conclusions of law are not based on the record. For this brief, only those findings that did not comply with *Cullen* are discussed below: The Court made finding of fact that were not based on specific testimony stating facts that issues are not raised in a specific and articulable manner. The law requires that in suppression testimonies that the Court cannot rely on just conclusionary statements made by the State's witnesses without being specific and articulable. The entire record under *State v. Cullen* clearly proves this. Given the arguments presented above it is clear that

15

based on the necessity the Opinion as it is now stands should be reconsidered and that the Court overrule the Trial Court's ruling and/ or remand the case back for further procedures.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court grant this Petition for Discretionary Review and reverse the Court of Appeals' decision.

Respectfully submitted,

ATTORNEY FOR DEFENDANT
JERRY D. KELLY
BAR CARD #11221500
4131 N. Central EXPWY Suite 110
DALLAS, TEXAS  75204
214-522-7700 PHONE
214-522-7704 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing brief has been served on Collin County District Attorney 2100 Bloomdale Road, Suite 100, McKinney, TX 75071 and the State's Attorney by eFax, depositing in the United States mail, postage prepaid, or by hand delivery or by fax on _____ 2015.

Jerry D. Kelly

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limitations in Texas Rule of Appellate Procedure 9.4(i)(3).  In reliance on the word count of the computer program used to prepare this brief, the undersigned attorney certifies that this brief contains 2,958 words, exclusive of the sections of the brief exempted by Rule 9.4(i)(3).

Jerry D. Kelly

16

**Affirmed and Opinion Filed March 16, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00207-CR

**STEPHANIE ANN SCHENK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-82013-2012**

# MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

The State indicted appellant Stephanie Ann Schenk for intentionally and knowingly possessing a controlled substance, namely, methamphetamine, in an amount of less than one gram. She moved to suppress the evidence, but the trial court denied the motion. Schenk then pleaded guilty and was placed on one-year deferred adjudication community supervision.

In four issues, Schenk challenges: (1) whether the officer's failure to give *Miranda* warnings before searching for and finding drugs invalidated the search; (2) whether the officer exceeded the scope of the original traffic stop; (3) whether Schenk's consent to search was clear and unequivocal and freely and voluntarily given; and (4) whether the trial court's findings of fact and conclusions of law satisfied the standard required under *Cullen v. State*, 195 S.W.3d 696 (Tex. Crim. App. 2006). We affirm the trial court's judgment.

## Background

Officer Michael White, a twelve-year veteran with the Plano Police Department, testified at the suppression hearing. The State also admitted into evidence the dash cam video from the stop. Officer White's testimony and the video show the following facts.

Around 11:38 p.m. on March 7, 2012, a light blue Ford Taurus caught Officer White's attention. The vehicle failed to stop at a designated point and then made a wide right turn, both of which are traffic code violations. Officer White commented on the video, "They are definitely over the line." He then initiated a traffic stop.

Officer White informed the driver he was stopped for failure to stop at a designated point and wide right turn. Office White asked the driver, later identified as Richard Betrand, for his license. Officer White asked Bertrand why he knew him, and Bertrand responded, "Maybe because I did four days for serving out a ticket warrant a couple months ago. I don't know." At the hearing, Officer White testified he recognized Bertrand's name because of previous drug-related interactions.[1]

Officer White called for a back up officer, who arrived approximately six minutes later, and then asked Bertrand to step out of the vehicle. Bertrand voluntarily removed a knife from his pocket and left it on the car seat. Officer White conducted a *Terry* frisk and did not find any other contraband. Bertrand then sat on the curb by the car.

Two other occupants were also inside the car. Bradley Chaudoir, the owner of the car, was seated in the backseat on the passenger side. Chaudoir was not driving at the time because his driver's license had expired, and he admitted to taking vodka shots earlier in the evening. Schenk was in the passenger seat. Officer White received consent to search both of them and did

---

[1] In 2011, Officer White conducted a "trash run" at Bertrand's location, and he was issued citation for possession of drug paraphernalia. Prior to that, Officer White had been advised Bertrand was using and possibly selling narcotics from his residence. Officer White recalled five prior narcotics calls involving Bertrand.

not find any additional contraband. Officer White called dispatch to run their drivers' licenses for any prior criminal history.

When all three were sitting on the curb, Officer White asked what they were doing out, when was the last time they smoked weed in the car, and whether they used methamphetamine or heroin. They denied recently smoking marijuana in the car and denied using methamphetamine or heroin. Officer White confirmed their denial by asking to see their arms. Officer White also asked each passenger when they were last arrested and each person told him about a prior arrest.

Officer White then separated Chaudoir from the others and talked with him. Officer White told Schenk and Bertrand not to take off running because the back up officer was pretty fast. The video shows Schenk smiled and appeared to laugh at the remark. It also shows her smiling and talking with the back up officer while Officer White talked to Chaudoir.[2] Bertrand is also seen laughing on occasion.

Chaudoir told Officer White there was nothing illegal in the car and gave permission to search. Behind the front right passenger seat in "the little pocket," Officer White found a marijuana pipe with marijuana residue inside. Chaudoir first claimed it was not in his car prior to that night, but he eventually admitted ownership of the pipe.

After finding the marijuana pipe in the back seat, Officer White asked Schenk if she had any pipes or drugs in her purse, which was sitting in the front passenger seat. She first said no and then said she did have something, but she did not know what it was. She claimed to have gotten it from her sister's house, and she later changed her story to say it came from her mother's house. This information and change in her story "piqu[ed]" Officer White's interest.

---

[2] The dash cam audio is wired to Officer White so we do not know the details of the conversation between the back up officer and Bertrand and Schenk.

Officer White asked, "Do you mind if I get it?" She said, "I don't care." During the search of Schenk's purse, Officer White found a make up type bag that contained a clear plastic baggie with a crystal-like substance inside, Q-tips, and a lighter. He also found a white pill, which she claimed was a dietary supplement. Based on his experience, Officer White knew women who used drugs such as methamphetamine or heroin often took dietary supplements to combat the ill-effects from the drugs. In fact, Officer White said a comparison of Schenk's license photo and her present physical appearance (physical depletion, bags under her eyes) indicated she was a drug user. Officer White conducted a field test on the crystal-like substance found in the baggie in her purse, and it tested positive for a usable amount of methamphetamine.

At this point, Officer White did not handcuff Schenk, but rather questioned her about the drugs. She admitted ownership. Officer White arrested Schenk and issued Chaudoir a Class C citation for possession of drug paraphernalia. Bertrand and Chaudoir were then free to go.

Bertrand also testified at the suppression hearing. Bertrand said his car and the police car were the only vehicles on the road as far as he could see in either direction at the time of the stop. He claimed he stopped behind the line at the red light and then edged forward to see around a large brick wall to make sure it was clear to turn right. Knowing an officer was behind him, he "made every effort to make an absolute perfect legal stop." Because he lived on the street that was the next immediate left, he did not turn directly into the right lane. Rather, he made a wide right turn into the center lane, which he felt was safe and practical because no other cars were present. He testified Officer White pulled him over because he made a wide right turn and there was a lot of criminal activity in the area.[3] When asked if he felt like he and the others were free to leave, he said, "Absolutely not. He exercised his legal authority like the second he came back with my driver's license."

---

[3] In the dash cam video, Officer White did not tell Bertrand he made the stop because of criminal activity.

The trial court denied Schenk's motion to suppress and issued findings of fact and conclusions of law. This appeal followed.

## Violation of *Miranda*

In her first issue, Schenk argues the trial court erred by failing to conclude she was not in custody for purposes of *Miranda* when she gave incriminating statements to Officer White and allowed him to search her purse. The State responds Schenk's unwarned statements were admissible because she was not in custody.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of the law to the facts de novo. *Id.* We give almost total deference to the trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Id.*; *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give the same deference to the trial court's conclusions with respect to mixed questions of law and fact that turn on credibility or demeanor. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). We review mixed questions of law and fact that do not turn on credibility and demeanor as well as purely legal questions de novo. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). As a general rule, we view the evidence in the light most favorable to the trial court's ruling and afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013).

Generally, a routine traffic stop does not place a person in custody for *Miranda* purposes. *Ortiz*, 382 S.W.3d at 373. However, a routine traffic stop may escalate into a custodial detention when formal arrest ensues or a detainee's freedom of movement is restrained "to the degree

–5–

associated with a formal arrest." *Id.* We evaluate whether a person has been detained to the degree associated with a formal arrest on a case-by-case basis. *Id.* The primary question in making a custody determination is whether a reasonable person would perceive the detention to be a restraint on her movement comparable to a formal arrest given all the objective circumstances. *Id.* The subjective beliefs of the detaining officer are not included in the calculation of whether a suspect is in custody. *Id.* at 373. However, if the officer manifests his belief to the detainee that she is a suspect, then the officer's subjective belief becomes relevant to the custody determination. *Id.*

Schenk first argues it was inappropriate for Officer White to remove her from the car when she had not engaged in any illegal activity in front of him. However, an officer may ask not only the driver, but also passengers to step out of a car. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997) (noting the additional intrusion of ordering passengers out of a vehicle is minimal given the possible greater danger to an officer when passengers are present).

She also complains Officer White "almost immediately" began questioning the occupants about drug use. Although an officer's expressed suspicion that a person has drugs in her possession can indicate a routine traffic stop has escalated to a custodial detention, such is not always the case.

For example, in *State v. Ortiz*, 382 S.W.3d 367, 374 (Tex. Crim. App. 2012), an officer discovered drugs on the passenger during a routine traffic stop. The officer accused the driver of having drugs by asking, "How much drugs are in the car?" *Id.* at 373. The officer later asked, "What kind of drugs does she have?" which the court noted was the type of question that "by its very nature, conveyed to the appellee [the officer's] presupposition that he knew what kind of drugs the passenger possessed." *Id.* at 373. Thus, the officer's overt attitude concerning the

appellee's complicity was one factor in the court ultimately concluding the appellee was in custody at the time of questioning. *Id.*

However, in *Estrada v. State*, the Court of Criminal Appeals distinguished *Ortiz* and reached a different conclusion. *Estrada v. State*, No. PD-0106-13, 2014 WL 969221, at *3 (Tex. Crim. App. Mar. 12, 2014) (not designated for publication). In that case, an officer smelled burnt marijuana emanating from the vehicle during a routine traffic stop. *Id.* at *1. The officer ordered the driver and passenger out of the vehicle, and during a search of the vehicle, he found marijuana and other drug paraphernalia inside a make up bag. *Id.* The officer then asked both occupants who the drugs belonged to. *Id.* Estrada confessed they were hers, and she was arrested. *Id.* Estrada filed a motion to suppress arguing the officer's question was similar to *Ortiz*, and therefore, she was in custody when she provided an incriminating statement without receiving *Miranda* warnings. *Id.* The court acknowledged that a reasonable person in her position would have recognized the officer suspected her of possessing the drugs, but any communicated suspicion did not "approach the overtly communicated suspicion present in *Ortiz.*" *Id.* at *3. Unlike the officer in *Ortiz*, the officer did not point blank ask only Estrada if the drugs were hers, but rather directed his question at both occupants. This general inquiry was neither as coercive and accusatory as the direct questions to the appellee by the officer in *Ortiz*, nor was the inquiry made while the two occupants were physically separated, as in *Ortiz*. *Id.* The court concluded the officer's general attempt to gather information and general expression of suspicion towards both passengers did not provide "substantial support" that a reasonable person in Estrada's position would have believed she was in custody when she confessed to ownership of the drugs. *Id.*

The present facts are similar to *Estrada*. After getting the driver's and passengers' names, dates of birth, and previous arrest information, Officer White asked, "When was the last

time you guys smoked weed in the car?" Chaudoir responded it had been awhile, Bertrand said he did not smoke weed, and Schenk's response is not audible on the video. This question, as well as a follow up question regarding whether they used methamphetamine or heroin, was directed to all three individuals. The question was not specifically directed towards Schenk or asked while she was separated from the others. Like *Estrada*, Officer White's attempt to gather information and any expression of his suspicion about their possible drug activity or drug possession would not lead a reasonable person in Schenk's position to believe she was in custody.

Schenk next argues the arrival of a second officer, and Officer White saying, "Don't take off running, [the back up officer] is pretty quick," indicated they were not free to leave, and the stop had escalated into "something inherently more coercive." First, after Office White made the statement about not running off, the video shows Schenk smiling and shaking her head, which indicates she did not take the comment as a restraint on her freedom to leave. Further, later in the video Chaudoir is seen freely moving between sitting on the curb and leaning against a police car indicating the situation was not coercive to the point they felt they had to stay in one place. No one was handcuffed, ordered to stay in one place, or being intimidated by an officer with a drawn weapon, which would indicate a custodial situation. Second, in *Ortiz*, the court noted "[a]n ordinary traffic stop usually involves a single police car and one or two officers." 382 S.W.3d at 372. In that case, the appellee was faced with at least two police cars and three officers at the time he made an incriminating statement. *Id.* The court concluded that "while it was hardly an overwhelming show of force," the show of force added "at least marginally" to the court's conclusion he was in custody for *Miranda* purposes at the time he made the incriminating statement. *Id.* Here, the occupants still outnumbered the officers present. Thus, the occupants were subjected to even less of a showing of force than the *Ortiz* court found to be "hardly

overwhelming." Accordingly, we cannot conclude the arrival of a second officer would lead a reasonable person to believe she was not free to leave or that the situation had escalated to a custody situation.

Schenk also argues that Officer White "loudly and within hearing of Ms. Schenk" indicated his belief they were suspects in drug activity; therefore, Officer White's subjective belief is relevant to our custody determination. The record does not support Schenk's contention. On the video, Officer White pulls Chaudoir from the others and tells him people have been "running through here dealing drugs and breaking into cars and stuff like that. I'm not saying you guys are doing it but I want to make sure you're not." Officer White's statement indicates he did not specifically believe they were engaging in criminal activity. Further, there is nothing in the record indicating Schenk heard the exchange between Officer White and Chaudoir. Therefore, Officer White's statement did not manifest his belief to Schenk that she was a suspect, thereby making his subjective belief relevant to the custody determination. *Ortiz*, 382 S.W.3d at 373.

Finally, Schenk argues that when Officer White found the marijuana pipe in the car and asked her if she had anything like that in her purse, he continued to emphasize she was a suspect and the traffic stop was coercive. First, during an investigative detention, custody is not established simply because the suspect is not able to leave until the investigation is complete. *See Lee v. State*, No. 05-02-00508-CR, 2003 WL 21212822, at *8 (Tex. App.—Dallas May 27, 2003, pet. dism'd, untimely filed) (not designated for publication). Second, as will be further explained below, to the extent Schenk argues a *Miranda* violation invalidated the search of her purse, the search of her purse was justified without her consent. *See Wyoming v. Houghton*, 526 U.S. 295, 306–07 (1999) (holding when probable cause exists to search a vehicle, the search extends to all containers inside which may hold incriminating evidence, including a passenger's

purse). Thus, Schenk's argument does not impact whether she was in custody for purposes of *Miranda*.

Having considered Schenk's arguments, we conclude the trial court correctly determined a reasonable person would not perceive the detention to be a restraint on her movement comparable to a formal arrest given all the objective circumstances. *See Ortiz*, 382 S.W.3d at 373. Thus, the routine traffic stop did not escalate into a formal arrest in which Schenk provided incriminating information without proper *Miranda* warnings. We overrule her first issue.

### Scope of Traffic Stop

In her second issue, Schenk argues Officer White extended the traffic stop beyond the reasonable time to give a warning or a ticket. She contends once the warrant checks came back clear, she and the other occupants were free to leave, and extending the detention further was an unreasonable seizure under the Fourth Amendment. The State responds the issue is not preserved for our review, and even if it is preserved, Officer White did not impermissibly prolong the traffic stop.

A motion to suppress evidence is nothing more than a specialized objection to the admissibility of evidence. *See Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012); *see also Flores v. State*, No. 05-91-01475-CR, 2000 WL 124666, at *8 (Tex. App.—Dallas Feb. 3, 2000, pet. ref'd) (not designated for publication). Thus, a motion must meet the requirements of an objection by being timely, proper, and specific. TEX. R. APP. P. 33.1; *Flores*, 2000 WL 124666, at *8. The failure to object waives any error, and generally, an appellant may not raise an issue which was not raised to the trial court or which varies from the objection made to the trial court. *Vafaiyan v. State*, 279 S.W.3d 374, 383 (Tex. App.—Fort Worth 2008, pet. ref'd) (concluding appellant failed to preserve error regarding alleged staleness of information in a search warrant when he failed to raise the issue in his motion to suppress).

–10–

Schenk did not argue in her motion to suppress or at the suppression hearing that the length of her detention provided an independent reason to suppress the methamphetamine. Rather, she argued reasonable suspicion for the stop, probable cause for the arrest, and violation of *Miranda*. Moreover, Schenk's only objection to the trial court's finding that "The detention of Bertrand, Schenk, and Chaudoir was reasonable and lawful" was "there was no *Miranda* warning prior to the search of the vehicle when the request for consent was made, the situation had already escalated to a drug investigation from a simple traffic stop." Because Schenk failed to raise her argument to the trial court regarding the alleged prolonged detention of the initial stop, she has waived her complaint. *Id.*; *see also* TEX. R. APP. P. 33.1. Schenk's second issue is overruled.

**Consent to Search**

In her third issue, Schenk argues her consent to search her purse was not "clear and unequivocal as well as freely and voluntarily given." The State responds the issue is not preserved, consent was voluntarily given, and the search of her purse was justified without her consent.

The State first argues the issue is not preserved because the record indicates Schenk seemed to object to whether she gave consent to the search of her property "at all" and "not whether the consent was voluntary." While the record from the hearing is not precise on this issue, the trial court issued a finding of fact and conclusion of law that "Schenk knowingly and voluntarily consented to the retrieval of the item in her purse by Officer White." As such, we decline the State's invitation to waive her issue.

We agree, however, with the State's argument that Officer White did not need Schenk's consent prior to searching her purse; therefore, we need not consider whether her consent was "clear and unequivocal as well as freely and voluntarily given." In *Wyoming v. Houghton*, the

–11–

United States Supreme Court answered the question of whether police officers violate the Fourth Amendment when they search a passenger's personal belongings inside an automobile that they have probable cause to believe contains contraband. 526 U.S. at 297. That case specifically involved the search of a passenger's purse after an officer found drug paraphernalia on the driver, which provided probable cause to search the rest of the car. *Id*. at 298. Inside the purse, the officer found drug paraphernalia and charged the defendant accordingly. *Id*. at 295. The Supreme Court concluded, "When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one." *Id*. at 302. A passenger's belongings are "in" the car, and an officer has probable cause to search for contraband "in the car." *Id*.; *see also Huerta v. State*, No. 07-10-00049-CR, 2012 WL 280569, at *2 (Tex. App.—Amarillo Jan. 31, 2012, no pet.) (mem. op) (not designated for publication) (concluding search of passenger's purse was proper after driver gave consent to search vehicle and officer found crack pipe inside vehicle).

Similar to the facts in *Houghton*, Officer White found a pipe with marijuana residue, which provided him with probable cause to continue his search of the car. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007) (probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead persons of reasonable prudence to believe that an instrumentality of a crime or evidence pertaining to a crime will be found). Thus, it was reasonable for Officer White to search Schenk's purse because the purse was "a container one would reasonably believe to contain such evidence," of drug activity. *Huerta*, 2012 WL 280569, at *2; *Houghton*, 526 U.S. at 302.

In reaching this conclusion, we are not persuaded by Schenk's reliance on *Stokvis v. State*, 147 S.W.3d 669 (Tex. App.—Amarillo 2004, pet. ref'd) to invalidate the search of her purse. In that case, an officer stopped a truck for speeding, and the driver gave permission to

–12–

search the truck. *Id.* at 670. The defendant, who was the passenger, left her purse in the front seat. *Id.* The first officer did not discover anything during a search of the truck. *Id.* A second officer conducted his own search of the truck, which included opening the defendant's purse, and he found methamphetamine. *Id.* The court concluded the search of the defendant's purse was improper because she had a legitimate expectation of privacy in her purse and under the facts, the driver's consent to search his truck did not extend to her purse because the driver was a third party whom the State failed to show had a legitimate expectation of privacy in or authority to jointly use the purse. *Id.* at 672.

The glaring omission from the facts of *Stokvis* is the presence of drugs or other contraband found inside the vehicle providing probable cause to search other items inside the car. At the time the officer in *Stokvis* searched the defendant's purse, the officer had found nothing illegal inside the truck, which is a key distinction from the facts presently before us. Thus, Schenk's reliance on *Stokvis* is not persuasive.

Accordingly, Officer White conducted a legal search of Schenk's purse regardless of her consent. Her third issue is overruled.

### Findings of Fact and Conclusions of Law Under *State v. Cullen*

In her fourth issue, Schenk argues the trial court failed to enter findings of fact and conclusions of law as required under *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). The State responds the trial court did not omit any dispositive findings necessary for resolution of the issues on appeal. We agree with the State.

In *Cullen*, the court held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." *Id.* at 698. "Essential findings" are those findings and conclusions adequate to provide an appellant court with a basis upon which to review the trial court's application of the law to the facts. *Id.* at 699. Findings are

–13–

inadequate when they are so incomplete an appellate court is unable to make a legal determination regarding a dispositive issue. *See State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013).

At Schenk's request, the trial court entered fifty-seven findings of fact and conclusions of law justifying its decision to deny the motion to suppress. Although Schenk complains about forty-five of the findings and conclusions for various reasons such as not supported by the record, irrelevant, or incorrect legal conclusion, she never alleges the trial court failed to make any essential finding on a dispositive issue. Rather than complain about omitted findings, which could violate *Cullen*, she merely objects to those findings made. Therefore, because Schenk has not complained about any omitted findings that would be dispositive to her issues on appeal, the trial court's findings and conclusions do not violate *Cullen*. Schenk's fourth issue is overruled.

### Conclusion

The judgment of the trial court is affirmed.

Do Not Publish
TEX. R. APP. P. 47
140207F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–14–



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

STEPHANIE ANN SCHENK, Appellant

No. 05-14-00207-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82013-2012.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 16, 2015.

Order entered May 20, 2015



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00207-CR

STEPHANIE ANN SCHENK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-82013-2012

## ORDER

Appellant Stephanie Ann Schenk's motion for rehearing filed on April 13, 2015 is

**DENIED**.

/s/     DAVID L. BRIDGES
         JUSTICE